**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
Ned Flores

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**NED FLORES, Individually and On Behalf of All Others Similarly Situated,**

Plaintiff,

v.

**ADIR INTERNATIONAL, LLC,**

Defendant.

**Case No.:** 2:15-cv-00076-AB-PLA

**PLAINTIFF'S MEMORDANUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**DATE:** April 13, 2015
**TIME:** 10:00 A.M.
**CTRM:** 4 – 2ND Floor
**JUDGE:** Hon. Andre Birotte, Jr.

//

Kazerouni Law Group, APC
Santa Ana, California

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......... ii

**I. INTRODUCTION** .......... 1

**II. THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)** .......... 2

**III. STATEMENT OF FACTS** .......... 3

**IV. ARGUMENT** .......... 4

**A. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT SHOULD BE DENIED** .......... 4

**B. LEGAL STANDARD ON MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** .......... 4

**C. PLAINTIFF ADEQUATELY PLEADS THAT DEFENDANT CONTACTED PLAINTIFF UTILIZING AN AUTOMATIC DIALING SYSTEM** .......... 6

**D. DISMISSAL OF PLAINTIFF'S COMPLAINT IS NOT WARRANTED PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF'S COMPLAINT CONTAINS SUFFICIENT FACTUAL ALLEGATIONS TO STATE PLAUSIBLE CLAIMS UNDER THE TCPA** .......... 11

**IV. CONCLUSION** .......... 13

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Selling Source, LLC,*
2009 U.S. Dist. LEXIS 116697 (N.D. Ill. Dec. 14, 2009) .......................... 1, 3

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................... 4, 11, 12

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696, 699 (9th Cir. 1990) .......................... 5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (1995) .......................... 4, 5, 11, 12

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*,
637 F.3d 1047 (9th Cir. 2011) .......................... 4

*Cahill v. Liberty Mutual Ins. Co.,*
80 F. 3d 336 (9th Cir. 1996) .......................... 5

*Conley v. Gibson,*
355 U.S. 41 (1957) .......................... 12

*Czech v. Wall St. on Demand, Inc.*,
674 F. Supp. 2d 1102 (D. Minn. 2009) .......................... 1

*Erikson v. Pardus*,
551 U.S. 89 (2007) .......................... 4

*Gragg v. Orange Cab Co., Inc.,*
2013 WL 195466 (W.D. Wash. Jan. 17, 2013) .......................... 10

*Hall v. City of Santa Barbara,*
833 F.2d 1270 (9th Cir. 1986) .......................... 5

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

*Hickey v. Voxernet LLC,*
2012 U.S. Dist. LEXIS 125473 (W.D. Wash. Aug. 13, 2012) .................6, 10

*Jiffy Lube International, Inc., Text Spam Litigation,*
847 F. Supp. 2d 1253 (S.D. Cal. 2012) ..........................................6, 7, 9, 12

*Johansen v. Vivant, Inc.*,
2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012) .............................7

*Kramer v. Autobytel, Inc.*,
759 F. Supp. 2d 1165 (N.D. Cal. 2010) ........................................................8

*Kristensen v. Credit Payment Services, Inc.*,
Case No. 12-CV-00528-KLD-PAL, 2013 WL 686492 (D. Nev.).................... 8

*Knutson v. Reply!, Inc.*,
2011 U.S. Dist. LEXIS 7887, 2011 WL 291076 (S.D. Cal. 2011) .................9

*Lee v. Stonebridge Life Ins. Co.,*
U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013).......................................8

*Lozano v. Twentieth Century Fox Film Corp.*,
702 F. Supp. 2d 999 (N.D. Ill. 2010) ............................................................8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008).......................................................................5

*McDougal v. County of Imperial,*
942 F.2d 668 (9th Cir. 1991)..........................................................................5

*Meyer v. Portfolio Recovery Assocs., LLC,*
2011 U.S. Dist. LEXIS 156610 (S.D. Cal. Sept. 14, 2011) ............................2

*Mims v. Arrow Fin. Servs. LLC,*
132 S. Ct. 740 (U.S. 2012) .............................................................................1

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

*Moser v. F.C.C.*,
46 F.3d 970 (9th Cir. 1995)....................3

*Moss v. U.S. Secret Service*,
572 F.3d 962, 968 (9th Cir. 2011)....................4

*Nelson v. Santander Consumer United States*,
2013 U.S. Dist. LEXIS 40799 (W.D. Wisc.)....................7

*Reyes v. Saxon Mortg. Services, Inc.*,
2009 WL 3738177 (S.D. Cal. May 15, 2009)....................8

*Robbins v. The Coca-Cola Company*,
2013 WL 2252646 (S.D. Cal. May 22, 2013)....................11

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984)....................5

*Robinson v. Midland Funding, LLC*,
2011 WL 1434919 (S.D. Cal. Apr. 13, 2011)....................8

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. Cal. 2009)....................2, 3, 6, 7

*Sheppard v. David Evans & Assoc.*,
694 F.3d 1045 (9th Cir. Or. 2012)....................12

*St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*,
2007 U.S. Dist. LEXIS 11650 (W.D. Wash. Feb. 16, 2007)....................1

*Starr v. Baca*,
652 F.3d 1202, 1216-17 (9th Cir. 2011)....................4

*Vaccaro v. CVS Pharmacy, Inc.*,
Court Case No.: 13-cv-00174-IEG (RBB)....................13

**Statutes**

47 U.S.C. § 227 et seq. ........................................................................... 1

47 U.S.C. § 227(a)(1) ........................................................................... 2, 6, 7

47 U.S.C. § 227(b)(1) ........................................................................... 3, 4, 6

47 U.S.C. § 227(b)(1)(A) ........................................................................... 3, 6

47 U.S.C. § 227(b)(1)(A)(iii) ........................................................................... 2

**Rules**

Fed. R. Civ. P. 8 ........................................................................... 12

Fed. R. Civ. P. 8(a)(2) ........................................................................... 12

Fed. R. Civ. P. 12(b)(6) ........................................................................... 4, 5, 11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") is "aimed at protecting recipients from the intrusion of receiving unwanted communications." *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.,* 2007 U.S. Dist. LEXIS 11650, *11 (W.D. Wash. Feb. 16, 2007). Indeed, the U.S. Supreme Court has noted that consumers are outraged over the proliferation of automated telephone calls that are intrusive, nuisance calls, found to be an invasion of privacy by Congress. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740, 745 (U.S. 2012); *see also Czech v. Wall St. on Demand, Inc.*, 674 F. Supp. 2d 1102, 1106 (D. Minn. 2009) ("this Court does not disagree that unwanted text messages, like spam e-mail, are an annoyance"); *Abbas v. Selling Source, LLC,* 2009 U.S. Dist. LEXIS 116697, *28 (N.D. Ill. Dec. 14, 2009) (the "TCPA, as applied to SMS messages, advances substantial government interests in protecting consumer privacy...").

Defendant ADIR INTERNATIONAL, LLC's (hereinafter "Adir" or "Defendant") Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) identifies no basis to justify dismissal of Plaintiff NED FLORES' (hereinafter "Flores" or "Plaintiff") claims under the TCPA. The sole foundation of Defendant's Motion to Dismiss ("Defendant's Motion") is that Plaintiff has failed to plead sufficient facts to plausibly show that Defendant utilizes an automatic telephone dialing system ("ATDS"). [Defendant's Motion, p. 2, lines 12-13]. However, in making this argument, Defendant ignores the overwhelming body of authority that directly contradicts Defendant's baseless argument. Further, Plaintiff's Complaint includes sufficient, and even detailed, factual allegations that demonstrate Defendant's use of an ATDS. Consequently, Plaintiff respectfully requests the Court deny Defendant's motion in its entirety.

## II. THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

Congress enacted the TCPA in 1991 amidst an unprecedented increase in the volume of telemarketing calls to consumers in America; the TCPA combats the threat to privacy[1] being caused by the automated marketing practices, stating it is unlawful:

> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system** or an artificial or prerecorded voice—. . .
>
> (iii) **to any telephone number assigned to a** paging service, **cellular telephone service**...

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The TCPA applies with equal force to the placing of text messages as it does to the placing of voice calls to cellular telephones. *Satterfield v. Simon & Schuster, Inc.,* 569 F. 3d 946, 954 (9th Cir. 2009). According to the express text of the TCPA, the statute requires the calls to be made with an ATDS, which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added).

To demonstrate a TCPA violation, Plaintiff need only show that Defendant (1) sent a text message using an automatic telephone dialing system; (2) to any

[1] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'"). The Federal Communications Commission ("FCC") confirmed in 2003 that "telemarketing calls are even more of an invasion of privacy than they were in 1991," and "we believe that the record demonstrates that telemarketing calls are a substantial invasion of residential privacy, and regulations that address this problem serve a substantial government interest." *Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (2003), F.C.C. Comm'n Order No. 03-153, modified by 18 F.C.C.R. 16972.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

telephone number assigned to a cellular telephone service;[2] (3) without the prior express consent of the Plaintiff. *See Meyer v. Portfolio Recovery Assocs., LLC,* 2011 U.S. Dist. LEXIS 156610, *21 (S.D. Cal. Sept. 14, 2011). Section 227(b)(1) of the TCPA expressly applied to "any call" made using an ATDS. 47 U.S.C. § 227(b)(1). "The court concludes that an SMS [text] message is a 'call' within the meaning of the TCPA." *Abbas* at *25. The Ninth Circuit has held that this section of the TCPA should be analyzed as a content-neutral regulation. *Moser v. F.C.C.,* 46 F. 3d 970, 973 (9th Cir. 1995). A single automated text message sent via an ATDS without prior express consent violates the TCPA. *See Satterfield,* 569 F. 3d at 956.

## III. STATEMENT OF FACTS

Plaintiff alleges that in or around November of 2014, Defendant begin contacting Plaintiff on his cellular telephone in an attempt to collect an alleged debt owed by Plaintiff. [ECF # 1, Plaintiff's Complaint "Complaint" ¶ 6]. Thereafter, on several occasions beginning on or about September 13, 2014, Defendant sent several unsolicited text messages from SMS short code 919-26 to Plaintiff in attempt to collect upon an alleged debt owed by Plaintiff. [*Id.* ¶ 8]. After receiving at least one such text message, Plaintiff replied "Stop," expressing that he no longer wished to receive Defendant's debt collection text messages. [*Id.* ¶ 9]. In response, Defendant sent Plaintiff a text message acknowledging Plaintiff's "Stop" message and assuring Plaintiff that he would no longer receive text alerts from Defendant. [*Id.* ¶ 9]. However, despite Plaintiff's request for the messages to stop and Defendant's acknowledgment of Plaintiff's message, Defendant's debt

[2] The FCC has stated the TCPA's prohibition against calls made from automated dialers extends to "both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003). Notably, Defendant does not challenge the sufficiency of Plaintiff's allegation that Plaintiff was texted by Defendant on his "cellular" telephone, which must mean that Defendant believes this element is properly pled.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

collection text messages to Plaintiff continued. [*Id.* ¶ 10]. Plaintiff again replied "Stop" to Defendant's text message, and Defendant once again acknowledged that Plaintiff no longer wished to receive debt-collection text messages from Defendant. [*Id.* ¶ 11]. However, Defendant's text messages did not stop as Defendant sent at least two more text messages to Plaintiff, and after each of these text messages, Plaintiff again replied "Stop." [*Id.*]. Defendant's text messages constituted text messages that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A). [*Id.* ¶ 13]. Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227(b)(1). [*Id.* ¶ 14]. Thus, Defendant, or its agent, violated 47 U.S.C. § 227(b)(1) by sending and continuing to send Plaintiff text messages to his cellular telephone without Defendant's express consent.

## IV. ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT SHOULD BE DENIED

Defendant's Motion ignores substantial authority in an attempt to dismiss Plaintiff's Complaint. After review of said stare decisis, it is apparent that Plaintiff's Complaint adequately pleads that Defendant contacted Plaintiff utilizing an automatic telephone dialing system sufficient to uphold a claim under the TCPA. Thus, Defendant's Motion should be denied.

### B. LEGAL STANDARD ON MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is properly granted where the complaint fails to assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*, 550 U.S. 544, 570 (2007). However, "specific facts are not necessary." *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2011) (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

*v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where and how of the misconduct alleged."). Nor is the "[t]he standard at this stage...that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

In order to survive a 12(b)(6) motion, a complaint need not state detailed factual allegations. *Id*. at 555. In deciding a 12(b)(6) motion and when considering the legal sufficiency of a claim, courts accept factual allegations as true, drawing all reasonable inferences therefrom in the favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F. 3d 336, 337-38 (9th Cir. 1996). The Ninth Circuit has held that a complaint should not be dismissed under a Rule 12(b)(6) motion "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984)).[3]

Moreover, in the Ninth Circuit, the Rule 12(b)(6) motion "'is viewed with disfavor and is rarely granted.'" *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)). Finally, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Because Plaintiff's Complaint properly and adequately states a claim for relief for violations of the TCPA, Defendant's Motion to Dismiss

[3] *See e.g.*, *Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) (denying motion to dismiss and motion for summary judgment prior to discovery).

pursuant to 12(b)(6) should be denied. Further, Ninth Circuit Authority mandates that if the complaint can be amended, the Court should give leave to amend. Thus, should the Court be inclined to grant Defendant's Motion to Dismiss, in the alternative, Plaintiff asks for leave to amend Plaintiff's Complaint.

### C. PLAINTIFF ADEQUATELY PLEADS THAT DEFENDANT CONTACTED PLAINTIFF UTILIZING AN AUTOMATIC TELEPHONE DIALING SYSTEM

Defendant erroneously argues that Plaintiff's claim is based on nothing more than a conclusory allegation in Paragraph 12 of the Complaint concerning Defendant's use of an automatic dialing system. [Defendant's Motion, p. 4, lines 12-13]. A review of Plaintiff's Complaint and the relevant authority contradicts Defendant's assertion.

Section "47 U.S.C. § 227 generally prohibits using an auto-dialer…" *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012). It is clear Plaintiff has sufficiently alleged the use of an ATDS to initiate the text message at issue here. Defendant conveniently ignores Plaintiff's allegations that Plaintiff on several occasions received the exact same uniform message from Defendant in attempt to collect an alleged debt, even after Plaintiff expressly requested these unsolicited text messages to stop several times. [Complaint ¶¶ 8-11]. Each debt-collection text message Defendant sent Plaintiff read:

"DEBE LLAMAR HOY MISMO A ADIR INTERNATIONAL, LLC
AL 213-639-2090 O EMAIL diegov@icuracao.com PARA
INFORMACION CONFIDENCIAL Ref # 8350918 Reply STOP to Cancel."

[*Id.* ¶¶ 8, 10].

After each time Plaintiff replied "Stop" to the above text message, Defendant subsequently sent an automatic, impersonal and uniform text message to Plaintiff acknowledging Plaintiff's wish to no longer receive text messages, which read: "Curacao-Gracia! Usted no recibira mas alertas Curacao y sera eliminado de lista. Para informacion envie un email Mercedesg@icuracao.com." [*Id.* ¶ 9].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

However, despite Plaintiff's multiple requests, the text messages from Defendant did not stop. [*Id*. ¶¶ 10-11]. The fact that Defendant's text messages to Plaintiff continued even after each time Plaintiff responded "Stop" only further demonstrates that Defendant used an ATDS and that there was no human intervention in sending these messages. In sending these text messages, "Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. ¶ 227(a)(1) to place its debt-collection text messages to Plaintiff." [*Id*. ¶ 12]. Plaintiff also alleges that "Defendant's text messages constituted text messages that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A) [*Id*. ¶ 13]; and that "Defendant's text messages were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227(b)(1)." [*Id*. ¶ 14]. Thus, Plaintiff's factual allegations clearly go beyond a threadbare legal conclusion regarding Defendant's use of an automatic telephone dialing system.

An "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) means equipment which has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers. (Emphasis added). The Ninth Circuit in *Satterfield* has confirmed that the equipment used need only have the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator," not that the calls must actually be sequentially or randomly dialed. 569 F.3d at 951.[4] "The Ninth Circuit has also confirmed that the statute creates liability based solely on a machine's capacity rather than on whether the capacity is utilized." *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1261 (S.D. Cal. 2012); *See also*

[4] *See Hickey v. Voxernet LLC*, 2012 U.S. Dist. LEXIS 125473, *7-8 (W.D. Wash. Aug. 13, 2012) (plaintiff made a plausible claim under the TCPA…to allow for discovery of further evidence related to [defendant's] ATDS functionality," since "[p]laintiff's allegation regarding the generic content and automatic generation of the [text] message is sufficient to infer the use of an ATDS.").

*Nelson v. Santander Consumer United States*, 2013 U.S. Dist. LEXIS 40799, *27 (W.D. Wisc.) ("the question is not how the defendant made a particular call, but whether the system it used had the 'capacity' to make automated calls").

Therefore, Defendant is wrong to assert that Plaintiff's "Complaint is completely devoid of any factual allegations that might flesh out this bare legal conclusion" that Defendant uses an ATDS. [Defendant's Motion, page 2, line 22-24]. Furthermore, "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, *11 (N.D. Ill. Dec. 18, 2012).

A number of cases from California District Courts support the sufficiency of Plaintiff's allegations that an ATDS was used. *See e.g.*, *In re Jiffy Lube Intern., Inc., Text Spam Litigation* (S.D. Cal., Mar. 9, 2012, 11-MD-2261-JM-JMA) 2012 WL 762888 (complaint alleged text messages were sent via SMS short code using a machine with capacity to store or produce random telephone numbers); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (complaint included allegation that the messages were advertisements sent via SMS short code in an impersonal manner without any other reason for contact).[5] As is true with these cases, Plaintiff supports his allegations that Defendant used an ATDS with all known specific facts regarding the message and the equipment used to transmit it.

Plaintiff's allegations of Defendant's use of an ATDS are substantially similar to the allegations in several other cases where courts have denied a defendant's 12(b)(6) motion to dismiss on this very issue. *See Robinson v. Midland Funding, LLC*, 10-CV-2261-MMA (AJB), 2011 WL 1434919 (S.D. Cal., Apr. 13, 2011) (complaint included allegation that calls were made to the

[5] *See also Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) (alleged calls were made using a machine with capacity store or produce random phone numbers).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

plaintiff's cellular telephone via ATDS using artificial or prerecorded voice, resulting in a charge to plaintiff for the calls); *Reyes v. Saxon Mortg. Servs.*, 2009 U.S. Dist. LEXIS 125235, *10 (S.D. Cal. Nov. 5, 2009) (complaint alleged defendant made frequent calls to the plaintiff's cell phone using an ATDS employing an artificial or prerecorded voice, resulting in a charge to plaintiff for the calls); *See also Kristensen v. Credit Payment Services, Inc.*, Case No. 12-CV-00528-KLD-PAL, 2013 WL 686492, *2 (D. Nev.) ("Here, Plaintiff has alleged that Defendant, or its agents, made text message calls using an automatic telephone dialing system to a cellular telephone number. Those facts are enough to make a short and plain statement showing that Plaintiff is entitled to relief). The Northern District recently explained that whether an ATDS was used "should be addressed largely through merits-based discovery into defendants' records." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *10 (N.D. Cal. 2013).

Like in *Robinson* and *Reyes*, Plaintiff here alleges that Defendant made a text message call to Plaintiff's cellular telephone using an "ATDS," and incurred a "charge" for this text message. [Complaint ¶¶ 12, 14]. Precisely like the plaintiffs in *Kramer, Lee* and *Lozano*, Plaintiff supports his allegations that Defendant used an ATDS with *all known specific facts* regarding the message and equipment used to transmit it. Plaintiff's Complaint not only alleges facts as to required elements of a TCPA violation, it provides ample factual context to give Defendant fair notice of the basis of Plaintiff's claims, including that Plaintiff received several unsolicited debt-collection text messages from Defendant, the period during which Plaintiff received the text messages, the purpose of Defendant's text messages, the fact that the same text messages were sent after Plaintiff asked Defendant's messages to stop, and the fact that Defendant's messages were uniform and impersonal messages indicative of texts sent en masse via an ATDS.

In *Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1259 (S.D. Cal. 2012), the defendant "assert[ed] that [p]laintiffs can only plead use of an auto-dialer on

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

information and belief if the complaint alleges (1) the text message was sent by a specific SMS short code; and (2) the content of the message was impersonal, citing *Knutson v. Reply!, Inc.*, 2011 U.S. Dist. LEXIS 7887, 2011 WL 291076 (S.D. Cal. 2011)." In disagreeing with this contention, the *Jiffy Lube Court* explained, "First, *Knutson* is not binding, and it did not specifically hold that these two pieces of information were necessary…" *In re Jiffy Lube Int'l, Inc.*, *supra*, at 1260 (S.D. Cal. 2012). The *Jiffy Lube Court* then held that allegations similar to Plaintiff's regarding use of ATDS were sufficient to state a claim:

> Plaintiffs have also sufficiently alleged that the messages came from an ATDS....Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts to raise a right to relief above the speculative level.

*Id.* (emphasis added).

Finally, *Robbins v. The Coca-Cola Company* provides further authority that Plaintiff's allegations comply with the pleading requirements. 2013 WL 2252646 at *3 (S.D. Cal. May 22, 2013). In denying Coca-Cola's Motion to Dismiss and alternative Motion for a More Definite Statement, the Court explained that:

> Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.

*Gragg v. Orange Cab Co., Inc.,* 2013 WL 195466, at *2 n.3 (W.D. Wash. Jan. 17, 2013).[6]

[6] See also *Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1130 (W.D. Wash. Aug. 13, 2012)

Thus, dismissal of Plaintiff's Complaint is not warranted and Plaintiff should be provided the opportunity during discovery[7] to determine the specifics regarding the ATDS technology employed by Defendant in this instance, particularly when all the technical specifications of the equipment used are within the exclusive knowledge of the Defendant.[8] As such, Plaintiff's "allegations, though indirect, suffice to plead the use of an ATDS in connection with TCPA claims." *Robbins,* 2013 WL 2252646.

### D. DISMISSAL OF PLAINTIFF'S COMPLAINT IS NOT WARRANTED PURSUANT TO RULE 12(B)(6) BECAUSE PLAINTIFF'S COMPLAINT CONTAINS SUFFICIENT FACTUAL ALLEGATIONS TO STATE PLAUSIBLE CLAIMS UNDER THE TCPA

In order to survive a Rule 12(b)(6) motion, a complaint only needs "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (U.S. 2007). "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the illegality claimed in the complaint. *Id*. at 545. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*. at 663-64. To survive a 12(b)(6) motion, "[f]actual allegations must be

("allegation[s] regarding the generic content and automatic generation of the message [are] sufficient to infer the use of an ATDS.").

[7] In *Knutson v. Reply!, Inc.,* 2011 U.S. Dist. LEXIS 156409 (S.D. Cal. Apr. 13, 2011), the Court noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and indicated that Plaintiff could rely on allegations about the details of the call from which the Court could infer the use of an automatic dialing system.

[8] *See* 2003 FCC Order 2003 WL 21517853 at *46 (Confirming that the ATDS requirement was to be interpreted broadly to apply to a wide spectrum of evolving technologies, including technology that is used to dial "lists" or "databases" of numbers, since such technology has the basic functional "capacity to dial numbers without human intervention.")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

enough to raise a right to relief above the speculative level." *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256 (S.D. Cal. 2012) (citing, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 545 (citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A "judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Id*. at 572.

With these principles in mind, Plaintiff addresses Defendant's allegation that Plaintiff's Complaint is not plausible or that Plaintiff's factual allegations do not support a reasonable inference that the text messages Defendant sent to Plaintiff were sent using an ATDS. [Defendant's Motion, page 5, lines 17-19]. However, Plaintiff's factual allegations are as specific and detailed as the context allows, and certainly sufficient to state a short and plain statement of entitlement to relief. However, Defendant's Motion improperly demands detailed allegations in a non-fraud case such as this one. Plaintiff's Complaint states Plaintiff's claims with all known facts describing the circumstances that accompanied Defendant's violations of the TCPA. Contrary to the arguments in Defendant's motion, Plaintiff's Complaint does not simply make conclusory, bare legal conclusions regarding Defendant's use of an ATDS. [Defendant's Motion, p. 2]. Plaintiff's Complaint is sufficiently specific as to meet the low-level burden imposed by Fed. R. Civ. P. 8. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. Or. 2012).

Moreover, Defendant's motion misconstrues *Ashcroft v. Iqbal,* in that Defendant relies on the Court's ruling in *Iqbal,* that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice and that a legal conclusion couched as a factual conclusion is insufficient. Defendant's Motion has failed to address that *Iqbal* does not follow that factual

KAZEROUNI LAW GROUP, APC
245 FISCHER AVE., UNIT D1
COSTA MESA, CA 92626

allegations that borrow or echo statutory language are necessarily legal conclusions. As supported by the Honorable Irma E. Gonzalez's July 16, 2013 Order in the case of *Vaccaro v. CVS Pharmacy, Inc.*, Court Case No.: 13-cv-00174-IEG (RBB), "factual allegations do not cease to be factual even if they quote a statute's language. For instance, allegation of a telephone call remains factual even though the word 'call' is found in the TCPA." [*See* Exhibit A Attached to Declaration of Abbas Kazerounian, Esq., Judge Gonzalez's Order, Dkt. No. 17, page 4, lines 4-6]. Therefore, Plaintiff adequately pleads the use of an ATDS even if Plaintiff's factual allegations may echo language in the TCPA.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss. Alternatively, should the Court be inclined to grant Defendant's Motion to Dismiss, Plaintiff respectfully requests leave to amend Plaintiff's Complaint.

Respectfully submitted,

Dated: March 23, 2015 **KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (888) 595-9111
Facsimile: (866) 633-0228