1  Todd M. Friedman (SBN 216752)
2  Suren N. Weerasuriya (SBN 278521)
   Adrian R. Bacon (SBN 280332)
3  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
   324 S. Beverly Dr., #725
4  Beverly Hills, CA 90212
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
8  abacon@attorneysforconsumers.com
   ***Attorneys for Plaintiff***
9  **Additional Attorneys On Signature Page**

10

11                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
12

13  NED FLORES, individually and on      )   Case No. 2:15-cv-00076-AB-PLA
    behalf of all others similarly situated, )
14                                        )
                                          )   **CLASS ACTION**
15  Plaintiff,                            )
                                          )
16          vs.                           )   **FIRST AMENDED COMPLAINT**
                                          )   **FOR VIOLATIONS OF:**
17                                        )
18  ADIR INTERNATIONAL, LLC,              )       1.   NEGLIGENT VIOLATIONS
                                          )            OF THE TELEPHONE
19  Defendant.                            )            CONSUMER PROTECTION
                                          )            ACT [47 U.S.C. §227 ET
20                                        )            SEQ.]
                                          )       2.   WILLFUL VIOLATIONS
21                                        )            OF THE TELEPHONE
                                          )            CONSUMER PROTECTION
22                                        )            ACT [47 U.S.C. §227 ET
                                          )            SEQ.]
23                                        )
                                          )
24                                        )   **DEMAND FOR JURY TRIAL**
                                          )
25                                        )
                                          )
26                                        )
                                          )
27  _____  )
28

-1-
**FIRST AMENDED COMPLAINT**

Plaintiff Ned Flores ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Adir International, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in the state of Delaware. Plaintiff also seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. §1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the county of Los Angeles.

## PARTIES

4. Plaintiff, Ned Flores ("Plaintiff"), is a natural person residing in Sherman Oaks, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

-2-
**FIRST AMENDED COMPLAINT**

5. Defendant, Adir International, LLC ("Defendant"), is in the business of buying consumer debts and collecting thereon, and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. On several occasions, beginning on or about September 13, 2014, Defendant sent text messages to Plaintiff's cellular telephone number ending in 4573. Most of the text messages came from SMS shortcode 919-26.

7. For example, the September 13, 2014 text message read:

> **"DEBE LLAMAR HOY MISMO A ADIR INTERNATIONAL, LLC AL 213-639-2090 O EMAIL diegov@icuracao.com PARA INFORMACION CONFIDENCIAL Ref # 83530918 Reply STOP to Cancel."**

8. In response to the September 13, 2014 text message, Plaintiff replied "Stop," thereby intending to cease any contact on his cellular telephone, from Defendant. Almost immediately after Plaintiff replied "Stop," Defendant sent the following generic text message that does not mention Plaintiff directly or through any other reference:

> "Curacao-Gracia! Usted no recibira mas alertas Curacao y sera eliminado de la lista.  Para informacion envie un email Mercedesg@icuracao.com"

9. Despite the above "Stop" message which Plaintiff sent intending to cease Defendant's contact on his cellular telephone, Defendant did not cease sending automated texts to Plaintiff, on his cellular telephone. The above detailed events repeated themselves on September 21, 2014, September 22, 2014 and October 03, 2014. On each of these dates,  Defendant sent the same generic text message to Plaintiff, Plaintiff replied "Stop" to each message, and Defendant sent the same (second) generic text message to Plaintiff almost

**FIRST AMENDED COMPLAINT**

immediately after a "Stop" reply.

10. In essence, Defendant sent Plaintiff a total of at least six (6) text messages after Plaintiff asked Defendant to cease sending text messages to his cellular telephone, by replying "Stop" on or about September 13, 2014.

11. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place the text messages to Plaintiff. In particular, the equipment used by Defendant, to send the text messages at issue, to Plaintiff, has the capacity to: 1) store or produce numbers to be called using a random or sequential number generator; and 2) to dial those numbers. Such capacity is evidenced by the fact that: 1) none of the text messages mention Plaintiff directly and appear to be scripted and generic; 2) the text messages confirming Plaintiff's "Stop" request came almost immediately after Plaintiff's "Stop" texts, and were generic in that they once again did not make any reference to Plaintiff specifically.

12. Defendant's text messages constituted text messages that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendant's text messages were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to *47 U.S.C. § 227(b)(1)*.

## CLASS ALLEGATIONS

14. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such text messages within the four years prior to the filing of this Complaint.

**FIRST AMENDED COMPLAINT**

15. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number, or had revoked consent to be contacted via automatic telephone dialing system, to Defendant within the four years prior to the filing of this Complaint.

16. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

18. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time/data usage for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal text messages, and invading the privacy of said Plaintiff and Class members.

19. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between

**FIRST AMENDED COMPLAINT**

Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any debt-collection text messages (other than a text message or call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

20. As a person that received numerous debt-collection text messages from Defendant using an automatic telephone dialing system without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

21. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as

a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

28. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

///
///

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

Respectfully submitted, May 22, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fisher Ave., Ste. D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**FIRST AMENDED COMPLAINT**