UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NED FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>ADIR INTERNATIONAL, LLC,<br><br>    Defendant. | Case No. CV 15-00076-AB (PLAx)<br><br>ORDER **DENYING** MOTION TO COMPEL ARBITRATION [69] |

Pending before the Court is Defendant Adir International, LLC's ("Adir") Motion to Compel Arbitration and to Dismiss or Stay Action Pending Arbitration. (Dkt. No. 69.) Plaintiff Ned Flores ("Flores") filed an Opposition and Adir filed a Reply. (Dkt. Nos. 70, 71.) After considering the papers filed in support of and in opposition to the instant Motion, the Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. The hearing scheduled for June 15, 2018 is hereby **VACATED.** For the following reasons, the Court **DENIES** Adir's Motion.

///

1.

2:15-cv-00076-AB-PLA

## I. BACKGROUND

Adir operates a chain of Curacao department stores in California, Arizona, and Nevada in which it sells furniture, appliances, electronics, and other items. (Dkt. No. 69 ("Mot.") at 2.) On April 27, 2014, Flores opened an account with Adir and entered into an installment sales contract that included an "Agreement to Arbitrate and Class Action Waiver". (*Id.*; *see* Declaration of Joseph Jiron ("Jiron Decl."), Ex. A at 2 (providing a copy of the arbitration agreement that Flores allegedly agreed to).) The agreement states:

> In consideration for our extending credit to you, you agree that any claim, dispute or controversy relating in any way to our relationship ("Claim") shall, at the demand of any party, be resolved by arbitration before the American Arbitration Association under its rules in effect when the Claim is filed.

(Jiron Decl., Ex. A at 2.) Additionally, the arbitration agreement prohibited Flores from forming a class action, and it provided Flores with instructions on how to reject the arbitration clause. (Mot. at 3, 4.)

Adir alleges Flores did not make any payments under the contract, other than the $20.00 down payment he made at the time of the purchase. (*Id.* at 4.) Consequently, in June 2014, Curacao's in-house Collections Department began handling Flores' account. (*Id.*) After several attempts to contact Flores, the Collections Department arranged for its text message vendor, Phaz2, to send a series of text messages to his cellular phone number. (*Id.*)

Flores alleges that beginning on or about September 13, 2014, Adir sent text messages to his cellular phone. (Dkt. No. 30, First Amended Complaint ("FAC") ¶ 6.) For example, Flores alleges he received messages such as the following: "DEBE LLAMAR HOY MISMO A ADIR INTERNATIONAL, LLC AL 213-639-2090 O EMAIL diegov@icuracao.com PARA INFORMACION CONFIDENCIAL Ref # 83530918 Reply STOP to Cancel." (FAC at ¶ 7.) In response to the messages, Flores allegedly responded "Stop", but the messages continued. (FAC at ¶ 9.) Flores alleges

that Adir sent a total of at least six (6) text messages after his "Stop" response to the messages. (FAC at ¶ 10.)

On January 16, 2015, Flores filed a lawsuit against Adir in the United States District Court in the Central District of California. (*See* Dkt. No. 1.) On March 6, 2015, Adir filed its first motion to dismiss for failure to state a claim upon which relief may be granted and submitted a crossclaim against Defendant Phaz2. (Dkt. Nos. 16, 17.) On May 8, 2015, the Court granted Adir's first motion to dismiss with leave to amend. (Dkt. No. 29.)

On May 22, 2015, Flores filed his First Amended Complaint, wherein he alleges the following claims against Adir: 1) negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*, and 2) willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.* (Dkt. No. 30 ("FAC").) Adir subsequently filed another motion to dismiss, (Dkt. No. 31), which the Court granted with prejudice on July 15, 2015. (Dkt. No. 40.)

Flores appealed the Court's dismissal, and the case remained on appeal from August 2015 to March 2017. (*See* Dkt. No. 43.) Ultimately, the Ninth Circuit reversed and remanded the Court's decision. (Dkt. No. 48.) Adir subsequently answered the first amended complaint and proceeded to file the current motion. (Dkt. Nos. 51, 69.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, requires federal courts to enforce arbitration agreements and to stay any litigation that contravenes such agreements. Arbitration is a matter of contract, and the court cannot require a party to arbitrate a dispute unless the party has agreed to do so. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Accordingly, the court's role under the FAA is limited to (1) determining whether a valid agreement to arbitrate exists and, if it does, (2) deciding whether the agreement encompasses the

dispute at issue. 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999).

Under California law, which governs the contract containing the arbitration provision, (*see* Dkt. No. 71 ("Reply") at 2), however, a party can waive its enforceable right to arbitrate a dispute. *See Gonsalves v. Infosys Tech., Ltd.*, No. C 3:09-04112, 2010 WL 3118861, at *2 (N.D. Cal. Aug. 5, 2010); *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 82 P.3d 727, 732 (Cal. 2003). Given federal and state policies in favor of arbitration, waiver of the right to arbitrate is disfavored. *St. Agnes Med. Ctr.*, 82 P.3d at 732; *see also Robinson*, 2014 WL 5332827, at *4; *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Therefore "any party arguing waiver of arbitration bears a heavy burden of proof." *St. Agnes Med. Ctr.*, 82 P.3d at 732. The California Supreme Court has held that "no single test delineates the nature of conduct that will constitute a waiver of arbitration." *Id.* Nevertheless, the Court has identified six factors relevant to a court's determination of waiver:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requests arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Gonsalves*, 2010 WL 3118861, at *2; *see also Robinson*, 2014 WL 5332827, at *4; *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008) (quoting *St. Agnes Med. Ctr.*, 82 P.3d at 733)[1].

---

[1] In considering waiver, courts in this circuit have typically applied *Fisher*'s three-factor test, which requires: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and, (3) prejudice to the party opposing

4.

## III. DISCUSSION

This motion turns on whether Adir waived its right to compel arbitration. In brief summary, the parties litigated Flores' TCPA claims in federal district court for six months before Flores' FAC was dismissed with prejudice. Flores appealed and won. After remand, Adir responded to the FAC and submitted its motion to compel arbitration. In opposition to the instant motion, Flores contends that Adir waived its right to compel arbitration by engaging in litigation conduct inconsistent with its alleged right to arbitrate. Adir denies that its actions were inconsistent with its right to arbitrate because it was merely participating in litigation and that the delay was a result of the appellate process.

### A. Adir's Actions Were Inconsistent with Its Right to Compel Arbitration

As stated above, the court in *St. Agnes* set forth six relevant factors to consider when making a waiver determination. First, factors one and two—which consider whether the defendant's acts were inconsistent with the right to arbitrate and whether the litigation machinery has been substantially invoked, respectively—weigh in favor of waiver. California courts have held that waiver does not occur by mere participation in litigation. *St. Agnes Med. Ctr.*, 82 P.3d at 738; *see also Quevedo*, 798 F. Supp. 2d at 1131 (finding no waiver when the defendant did not invoke the litigation machinery "beyond the minimum required to defend against the suit");

---

arbitration resulting from such inconsistent acts. *Fisher*, 791 F.2d at 694. However, more recent cases have considered the factors set forth in *St. Agnes*. *See Cox*, 533 F.3d at 1124; *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1131 (C.D. Cal. 2011); *Ontiveros v. Zamora*, No. CIV. S–08–567 LKK/DA, 2013 WL 1785891, at *3 (E.D. Cal. Apr. 25, 2013). After careful consideration, the Court concludes that the factors set forth in *St. Agnes* and *Fisher* do not contradict one another, and finds that the *St. Agnes* factors are helpful in determining whether waiver occurred. Further, the Ninth Circuit has acknowledged and applied the *St. Agnes* factors in *Cox v. Ocean View Hotel Corp*. *Cox*, 533 F.3d at 1124. Thus, the Court applies the *St. Agnes* factors in its analysis below.

*Robinson*, 2014 WL 5332837, at *5 ("[W]aiver generally does not occur where the arbitrable issues have not been litigated to judgment.") (internal quotations and citations omitted). However, courts have held that the judicial litigation of arbitrable issues is sufficient to demonstrate that the litigation machinery was substantially invoked, resulting in the waiver of the parties' right to compel arbitration. *Gonsalves*, 2010 WL 3118861, at *4 ("The very order issued by this court on Infosys' second motion to dismiss held that a number of Gonsalves' claims were dismissed *with prejudice.* No further showing of prejudice is necessary. Other evidence of prejudice, related to delay or discovery, is necessary where a plaintiff alleges that waiver occurred prior to a judgment on the merits."); *see also Adolph v. Coastal Auto Sales, Inc.*, 110 Cal. Rptr. 3d 104, 111 (Ct. App. 2010) (waiver found where defendant filed two demurrers and moved for arbitration immediately after losing the second demurrer); *Lewis v. Fletcher Jones Motor Cars, Inc.*, 140 Cal. Rptr. 3d 206, 217–20 (Ct. App. 2012) (waiver found where defendant sought arbitration after filing two demurrers and two motions to strike); *Oregel v. PacPizza, LLC*, 187 Cal. Rptr. 3d 436, 449 (Ct. App. 2015) (waiver found where the party responded to pleadings, participated in management conferences, and engaged in extensive discovery including multiple depositions and requests for production). .

Here, there was more than just participation in litigation. First, the Court dismissed Flores' original complaint with leave to amend following Adir's initial motion to dismiss. Flores then filed his First Amended Complaint, which the Court dismissed with prejudice following Adir's *second* motion to dismiss. A dismissal with prejudice under Rule 12(b)(6) constitutes "judicial litigation of the merits." *Gonsalves*, 2010 WL 3118861, at *3. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits.'") (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). Thus, when the Court

dismissed Flores's First Amended Complaint with prejudice, arbitrable issues were decided on the merits.

This case is analogous to *Gonsalves*. There, the court dismissed some of plaintiff's claims with prejudice following the defendant's 12(b)(6) motion. 2010 WL 3118861, at *3. Because some of the claims were dismissed with prejudice, the court held that the defendant engaged in "judicial litigation of the merits of arbitrable issues." *Id.* at 3–4. As a result, the court found that the defendant waived his right to arbitration. *Id.* at 5; *see also*, *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 164 Cal. Rptr. 751, 754 (Ct. App. 1980) (rejecting the idea that a party may litigate various issues through the court system and then demand arbitration, describing such behavior as "testing the water before taking the swim"); Therefore, like the defendant in *Gonsalves*, Adir engaged in "judicial litigation of the merits of arbitrable issues" when it secured a dismissal with prejudice of Flores's First Amended Complaint.

Moreover, the instant case is readily distinguishable from both *Robinson v. Delicious Vinyl Records Inc.*, No. 2:13-cv-04111-CAS(PLAx), 2014 WL 5332827 (C.D. Cal. Oct. 20, 2014), and *Echavarria v. Adir International*, *LLC*, No. 2:15-cv-09172-CAS(KSx), 2016 WL 3397416, (C.D. Cal. June 13, 2016), upon which Adir relies. Specifically, in *Robinson*, none of the arbitrable issues were litigated to judgment. 2014 WL 5332827, at *5. Although the defendant filed a motion to dismiss, the court denied the motion in substantial part and, to the extent that the Court granted the motion, it did so *without* prejudice. *Id.* (emphasis added). Similarly, in *Echavarria*, the court did not substantively rule on the defendant's motion to dismiss because it was mooted when plaintiff filed an amended complaint. 2016 WL 3397416, at *5. Here, Adir filed two motions to dismiss, and the latter was granted with prejudice.

Lastly, the Ninth Circuit's reversal of this Court's order dismissing Flores's

7.

First Amended Complaint with prejudice does not eradicate Adir's prior acts of judicial litigation. *See McConnell*, 164 Cal. Rptr. 751, 754 (Ct. App. 1980) ("The reversal of the dismissal by the superior court does not mean the issue was not litigated.")

Thus, because Adir's acted inconsistently with its right to compel arbitration and substantially invoked the litigation machinery, the first two factors weigh strongly in favor of waiver.

### B. Adir Delayed in Seeking to Compel Arbitration

The third factor considers whether the defendant waited until the eve of trial to raise the issue or delayed for a significant period before requesting arbitration or seeking a stay. Here, the case was pending for only six months before it was dismissed with prejudice. While Flores argues that it has been over three years since the case was filed, the case was pending on appeal for a year and seven-months, which accounts for the majority of the time Flores points to. However, Adir waited almost another year after the case was reversed and remanded before moving to compel arbitration. *See Sunvalley Solar, Inc. v. China Elec. Equip. Group Corp.*, 2015 WL 13546433, *4 (C.D. Cal. Oct. 29, 2015) (finding that where defendants waited over a year to seek arbitration, this factor weighed in favor of waiver). *But see Rodriguez v. Shen Zen New World I LLC*, No. CV 13–02959–RSWL (JCGx), 2014 WL 908464, at *4 (C.D. Cal. Mar. 6, 2014) (holding that a 10 month delay was not sufficient to grant waiver). Adir provides no explanation for this delay. But, because there was no looming court date that would more definitively signal an unreasonable delay on Adir's behalf, this factor weighs only slightly in favor of waiver. *See Echavarria*, 2016 WL 3397416, at *5 (holding that there was no waiver when the defendant did not wait until the eve of trial to move for arbitration because there was no trial date set).

### C. Adir Did Not File A Counterclaim

The fourth factor considers whether the defendant filed a counterclaim without seeking a stay of the proceedings. This factor is inapplicable here because Adir did not file a counterclaim. *See Quevedo*, 798 F. Supp. 2d at 1131 (finding this factor did not support a finding of waiver where the defendant had not filed a counterclaim).

### D. There Is Insufficient Evidence to Determine Whether Adir Took Important Intervening Steps

The fifth factor considers whether important intervening steps, such as taking advantage of judicial discovery procedures not available in arbitration, have taken place. *Quevado*, 798 F. Supp. 2d at 1131–32; *Cox*, 553 F.3d at 1124. Adir states that it has not taken advantage of judicial discovery procedures because even though Flores has propounded certain discovery, Adir has yet to propound any discovery on Flores. *See*, *Rodriguez*, 2014 WL 908464, at *4 (finding this factor did not support waiver where plaintiff "cite[d] to his own discovery efforts . . . [but] failed to indicate what discovery, if any, Defendant ha[d] pursued"); *Sunvalley Solar Inc.*, 2015 WL 13546433, at *4 (finding this factor weighed against waiver when defendants did not serve plaintiff with discovery requests). However, it is unclear whether Adir has participated in Flores's discovery and to what extent. *See Adolph v. Coastal Auto Sales, Inc.*, 110 Cal. Rptr. 3d 104, 110 (Ct. App. 2010) (finding that this factor weighed in favor of waiver where the defendants accepted and contested discovery requests propounded by the plaintiff). Without more information regarding Adir's participation in the discovery propounded by Flores, the Court cannot determine whether this factor weighs in favor of or against waiver. Thus, this factor is neutral.

### E. Flores Is Prejudiced by Adir's Delay in Compelling Arbitration

As stated previously, under both federal and state law, whether litigation results in prejudice to the party opposing arbitration is critical to the waiver determination. *St. Agnes Med. Ctr.*, 82 P. at 738; *but see Gonsalves*, 2010 WL 3118861, at *4

(finding that a separate showing of prejudice was unnecessary where there had been judicial litigation of the merits of arbitrable issues). Under California law, "courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses." *Quevedo*, 298 F. Supp. 2d at 1132 (quoting *St. Agnes Med. Ctr.*, 82 P.3d at 738.) Rather, prejudice is typically found when the defendant's actions have substantially undermined the purpose of arbitration as a speedy and relatively inexpensive means of dispute resolution, or substantially impaired the plaintiff's ability to take advantage of the efficiencies of arbitration. *Id.*; *see also Hoover v. America Income Life Ins. Co.*, 142 Cal. Rptr. 3d 312, 322 (Ct. App. 2012) (holding that plaintiff was strongly affected and prejudiced by defendant's delay where it caused the plaintiff to incur *significant* legal expenses).

Here, Adir actively litigated against Flores's claims in court. Adir moved to dismiss both the original complaint and the First Amended Complaint. It was successful in its judicial litigation efforts because the Court ultimately granted dismissal with prejudice—relieving Adir from a further need to defend against Flores's claims. As a result, Flores was forced to appeal the decision, incurring substantial legal expenses. Indeed, Adir never once mentioned its alleged right to arbitrate before the case was dismissed, and moved to compel arbitration only after its initial strategy of pursuing litigation failed and the case was reversed and remanded. Therefore, by securing dismissal on the merits and forcing Flores to appeal, Adir deprived Flores of a speedy and efficient resolution of the case through arbitration, which could have been accomplished by now.

The instant case is analogous to *Adolph v. Coastal Auto Sales, Inc.*, where the defendant moved to compel arbitration only after the defendant's second demurrer was overruled. 110 Cal. Rptr. 3d at 110. In *Adolph*, the court reasoned that the defendant's actions clearly demonstrated their intention to proceed with the court action. There, the court held that to allow a defendant that remained silent until it lost

10.

its motion to now go to arbitration would be an unnecessary waste of time and effort, and would be unfair and prejudicial to the plaintiff. *Id.* at 111. Here, Adir's actions demonstrate that it, too, decided to proceed with the court action: Adir moved to dismiss the case not once, but twice, ultimately securing a dismissal with prejudice. Therefore, to grant Adir's motion to compel arbitration now after it demonstrated its intent to pursue litigation would be unfair and prejudicial to Flores.

Accordingly, the Court finds that Flores was prejudiced by Adir's actions, and that this factor weighs in favor of finding waiver.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Adir's Motion to Compel Arbitration. (Dkt. No. 69.)

**IT IS SO ORDERED.**

Dated: June 14, 2018

Honorable André Birotte, Jr.
United States District Judge